DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Henry C. Marsico ("Henry"), son of the decedent, who was also named Henry C. Marsico ("the decedent"), appeals from a judgment of the Lorain County Court of Common Pleas, Probate Division, that granted an application to release the estate from administration. We affirm.
 {¶ 2} On July 13, 2005, Daniel Marsico ("Daniel"), another son of the decedent, filed an application to probate his father's will. The same day, Daniel filed an application to relieve the estate from administration, contending that the assets of the estate were $35,000 or less. The itemized list filed with the application indicated that there were assets with a total value of $18,444.26 in the estate.
 {¶ 3} On July 21, 2005, Henry filed a "motion for an order to deposit trust agreement" in which he requested the court to order Daniel to deposit into court a trust agreement. Henry asserted that the decedent's will had a pour-over provision to the trust, which was incorporated into the will by reference. Therefore, he asserted, a review of the trust was necessary to give effect to the terms of the will.
 {¶ 4} Daniel opposed the motion, asserting that Henry had failed to demonstrate that the trust was necessary to give effect to the terms of the will. Specifically, the operable provision of the will provided that the trust "[was] incorporated by reference" into the will "[i]f necessary to give effect to this item[.]"
 {¶ 5} On August 24, 2005, the trial court denied Henry's motion to deposit the trust agreement and granted the motion to release the estate from administration. Henry appeals and raises two assignments of error that will be addressed together because the appellant argued them jointly.
 ASSIGNMENT OF ERROR I
"The probate court erred when it denied the appellant's motion for an order directing the deposit with the court of the trust agreement described in the last will and testament of [the decedent]."
 ASSIGNMENT OF ERROR II
"The probate court erred when it ordered that the estate is relieved from administration, and that the residuary estate is to be distributed to a person not named in the will as the trustee or successor trustee."
 {¶ 6} Henry challenges the trial court's decision to release the estate from administration as well as its earlier decision not to order the deposit of the trust into court.
 {¶ 7} The probate court released the estate from administration pursuant to R.C. 2113.03, a statutory device that provides for relaxed supervision of smaller estates. Holzemer v.Urbanski (May 15, 1998), 6th Dist. No. L-97-1257. Pursuant to R.C. 2113.03(A), a probate court may release an estate from administration if "[t]he value of assets of the estate is thirty-five thousand dollars or less." When Daniel filed the application to release the estate from administration, he certified that the value of the decedent's estate was $18,444.26. The record indicates that all heirs were served with notice of the application and that there were no objections filed, nor was the valuation or Daniel's role as fiduciary otherwise contested.
 {¶ 8} R.C. 2113.03(B) provides that, after an application is filed and all heirs have been notified, the probate court "when satisfied that [the estate is valued at $35,000 or less] may enter an order relieving the estate from administration." The probate court found that the estate was valued at $18,444.26 and ordered that it be released from administration. Henry fails to point to anything in the record to demonstrate that the trial court's finding was erroneous. He did not assert then, or even now, that the estate assets were beyond the statutory limit or that Daniel was misrepresenting the value of the estate assets.
 {¶ 9} Henry's sole challenge is that the trial court should have construed the terms of the decedent's trust before releasing the estate from administration. He fails to cite any legal authority to support his position, however. Although a trust should be deposited into probate court when it has been incorporated by reference into a decedent's will, the trial court found that this trust had not been incorporated by reference into the will. See R.C. 2107.05. Henry does not even articulate an argument to challenge that finding by the probate court and we are not inclined to make an argument for him. The trial court's finding appears to be supported by the record before us.
 {¶ 10} The assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.